**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **MARDOQUEO MORAN-CARILLO,** : | |
| : | |
| Petitioner : | |
| : | CIVIL NO. 3:CV-16-1610 |
| v. : | |
| : | (Judge Caputo) |
| **CRAIG A LOWE**, *et al.*, : | |
| : | |
| Respondents : | |

**M E M O R A N D U M**

**I.    Introduction**

On August 1, 2016, Mardoqueo Moran Carrillo, a native of Guatemala, filed this *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 while detained by the United States Immigrations and Customs Enforcement at the Pike County Correctional Facility, in Lords Valley, Pennsylvania.  (Doc. 1, Pet.)  On August 15, 2016, the Court's Administrative Order mailed to Mr. Carillo's last known address was returned as undeliverable.  *See* Doc. 4 ("Return to Sender, No Longer Here").

**II.    Standard of Review**

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the Court to dismiss an action "[i]f the plaintiff fails to prosecute."  The United States Supreme Court has held that "[t]he authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statue but by the control

necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.,* 370 U.S. 626, 631, 82 S.Ct. 1386, 1389, 8 L.Ed.2d 734 (1962). "Such a dismissal is deemed to be an adjudication on the merits, barring any further action between the parties." *Iseley v. Bitner*, 216 F. App'x 252, 255 (3d Cir. 2007). Ordinarily when deciding, *sua sponte*, to dismiss an action as a sanction, a district court is required to consider and balance six factors enumerated in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984). However, when a litigant's conduct makes adjudicating the case impossible, an analysis of the *Poulis* factors is unnecessary. *See Iseley*, 216 F. App'x at 255 (citing *Guyer v. Beard*, 907 F.2d 1424, 1429-30 (3d Cir.1990) and *Spain v. Gallegos*, 26 F.3d 439, 454-55 (3d Cir.1994)); *see also Williams v. Kort*, 223 F. App'x 95, 103 (3d Cir. 2007).

In this case, the Court is unable to communicate with Mr. Carrillo due to his failure to keep the court informed of his address. Consequently, it would be a waste of judicial resources to allow this action to continue.

An appropriate Order follows.

                                                           **/s/ A. Richard Caputo**
                                                           **A. RICHARD CAPUTO**
                                                           **United States District Judge**